UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

Authentiki, LLC    20-03322
MSSH, LLC          20-03323

Case No. _____
Chapter 11
Hon. James W. Boyd

Debtor(s) /

# COVER SHEET FOR MOTION TO USE CASH COLLATERAL OR TO OBTAIN CREDIT

The debtor has filed a motion to use cash collateral or to obtain postpetition financing, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b), the debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (5) Provisions that prime any lien without that lienholder's consent. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | ☑ Yes<br>☐ No | Page 5, ¶ 11 |
| (8) Provisions for the payment of prepetition debt. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | ☐ Yes<br>☑ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (16) Provisions that purport to bind a subsequent trustee. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | ☐ Yes<br>☑ No | Page ____, ¶ ____ |

Date: 10/29/2020

/s/ Joseph K. Grekin

[Debtor's counsel]

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In the matter of:

AUTHENTIKI, LLC,                                    Case No. 20-03322
                                                    Chapter 11 (Subchapter V)
        Debtor                                     Honorable James W. Boyd
_____/

In the matter of:

MSSH, LLC,                                          Case No. 20-03323
                                                    Chapter 11 (Subchapter V)
        Debtor                                     Honorable James W. Boyd
_____/

**DEBTORS' FIRST DAY MOTION FOR ENTRY OF INTERIM AND FINAL ORDER AUTHORIZING DEBTORS TO (A) USE CASH COLLATERAL AND; (B) GRANT ADEQUATE PROTECTION UNDER 11 U.S.C. §§ 361, 363, AND 364; FED. R. BANKR. P. 4001; AND W.D. MICH. LBR 4001-2**

The above-captioned debtors[1] (collective, the "Debtors" and each a "Debtor"), by and through their proposed counsel, Schafer and Weiner, PLLC, for their *First Day Motion for Entry of an Interim and Final Order Authorizing Debtors to (A) Use Cash Collateral And; (B) Grant Adequate Protection under 11 U.S.C. §§ 361, 363, and 364; Fed. R. Bankr. P. 4001; and W.D. Mich. LBR 4001-2* (the "Cash Collateral Motion") states as follows:

    **I.   CONCISE STATEMENT FOR REQUESTED RELIEF**

1.      Through this Cash Collateral Motion, the Debtors seek entry of interim and final orders, substantially in the form attached as **Exhibit A**, (i) Authorizing the use of Cash Collateral on an interim and final basis and (ii) scheduling a final hearing ("Final Hearing") on this Cash Collateral Motion and establishing notice procedures in respect thereof.

---

[1] Substantially contemporaneously with the filing of this Motion, the Debtors have filed a motion to jointly administer the Cases.

{00874240.2}

1

## II. GENERAL ALLEGATIONS

2. On October 29, 2020 (the "Petition Date"), the Debtors filed their Voluntary Petitions under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code")[2] commencing the above-captioned bankruptcy cases (the "Cases").

3. The Debtors are operating as a debtors-in-possession pursuant to sections 1107 and 1108.

4. Mark A. Sellers, III is the Debtors' responsible person.

5. The Debtors file this Cash Collateral Motion pursuant to sections 361 and 363; Fed. R. Bankr. P. 4001; and W.D. Mich. LBR 4001-2.

6. This Court has jurisdiction to grant the relief requested in this Cash Collateral Motion under 28 U.S.C. § 1334(a).

7. This matter is a core proceeding under 28 U.S.C. § 157(b)(1) and (2).

8. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND

9. The Debtors operate a single location, tiki-themed restaurant in Grand Rapids, Michigan (the "Restaurant").

10. For further information regarding the Debtors, their operations, and the events leading up to their bankruptcy, please see the *Declaration of Mark A. Sellers, III in Support of the Debtors' Chapter 11 Petition and First Day Pleadings* (the "Sellers Declaration"), incorporated herein by reference.

---

[2] Except as otherwise noted to the contrary, all section references herein are references to sections of the Bankruptcy Code.

11. The Debtors anticipate reorganizing their business through a plan or plans of reorganization.

12. On the Petition Date, the Debtors, without admission, believe that their cash collateral as defined in § 363 ("Cash Collateral") consists of the following:

- Cash of approximately $4,778.85 in Authentiki, LLC and $283,522.30 in MSSH, LLC;

- Accounts receivable of approximately $2,634.30 in MSSH, LLC; and

- Inventory of approximately $36,598.84 in Authentiki, LLC and $68,050 in MSSH, LLC.

13. Upon information and belief, the United States Small Business Administration ("SBA") will assert a first priority secured claim in the principal amount of $150,000 as of May 29, 2020 against Authentiki, LLC ("Authentiki"). The SBA may assert that its claim is secured by substantially all of Authentiki's assets including its Cash Collateral (defined herein).

14. Upon information and belief Ionia Retail, LLC (the "Landlord"), MSSH's landlord, will assert a first priority asset lien against MSSH, LLC secured by all MSSH, LLC's personal property, including inventory, located at the Restaurant Location.

15. Upon information and belief, Wolverine Building Group, Inc. ("Wolverine") will assert a second priority secured claim in the principle amount of $125,000 as of October 28, 2020 against Authentiki. It is anticipated that Wolverine will assert that its claim is secured by substantially all of Authentiki's assets including its Cash Collateral.

16. Upon information and belief, no other creditors have or will assert an interest in Debtors' Cash Collateral.

17. Uniform commercial code reports from the State of Michigan for each Debtor identified three (3) additional secured creditors, which assert interests in specific equipment allegedly leased by such secured creditor to a Debtor and used in the Restaurant.

18. Nothing in this Cash Collateral Motion may be construed as an admission with respect to liability for any indebtedness, nor should anything within this Cash Collateral Motion be construed as an admission with respect to the extent, status, validity and/or enforceability of any lien against any of the Debtors' assets.

19. In order to maintain their working capital and cover their reorganization costs, the Debtors require authority to use cash collateral. Without such use, the Debtors will suffer irreparable harm.

20. The Debtors' value arises from their ongoing operations and services to their customers. Without authority to obtain use of Cash Collateral, the Debtors will be unable to obtain the goods and services they need to provide services to their customers. If the relief requested herein is not granted, the Debtors will suffer immediate and irreparable harm, because, rather than preserving the business for the benefit of all constituencies, the Debtors will be forced to immediately lock their doors and shut down entirely.

21. A cash-flow projection showing the Debtors' projected revenues and expenses in the first 28 days of these proceedings is attached as **Exhibit B** ("the Budget").

22. The Debtors need to spend approximately $230,110.00 of Cash Collateral in order to avoid immediate and irreparable harm to the Debtors before the date of the final hearing (assuming the final hearing is scheduled for approximately 28 days from the date this Motion has been filed and the Debtors' use of Cash Collateral will be limited to that aggregate amount prior to the entry of a final order authoring the use of Cash Collateral.

{00874240.2}

4

23. The Debtors and their creditors will be harmed if the Debtors are not authorized to use cash collateral because, without this ability, the Debtors will not be able to make the payments set forth in the Budget and will be unable to continue their operations.

### IV.   BASIS FOR RELIEF

**A.   Basis for Use of Cash Collateral**

24. Section 363(c) & (e) permits a debtor to use cash collateral after a notice and hearing, if the Court finds that parties with an interest in the cash collateral are adequately protected.

25. Under § 361, "[w]hen adequate protection is required under § . . . 363 . . . such adequate protection may be provided by . . . (2) providing to such entity an . . . replacement lien to the extent that such . . . use . . . results in a decrease in the value of such entity's interest in such property[.]"

26. As adequate protection under § 361 and § 363 for any security interests that the SBA, Landlord, or other Secured Creditors asserts in the Debtors' Cash Collateral, the Debtors offer replacement liens to the extent of any diminution in value of their prepetition Cash Collateral in all post-petition collateral ("Replacement Lien") to same extent, validity and priority as existed in the pre-petition collateral of the applicable debtor.

27. Given Debtors' need to use the Cash Collateral and the adequate protection that it is offering to the SBA, the Landlord, and any other Secured Creditor, Debtors should be granted authority to use the Cash Collateral.

28. As part of their request to use Cash Collateral, the Debtors are requesting that this Court allow it to escrow, on a monthly basis, $10,000 into the client trust account of their proposed general bankruptcy counsel to pay the professional fees incurred by such legal counsel

in connection with the bankruptcy proceeding to the extent the fees are allowed by this Court (the "Professional Fees").[3]

29. On October 28, 2020, the Landlord and Wolverine consented in writing to the Debtors use of Cash Collateral between the Petition Date and the date a hearing is set on this Motion.

30. The Debtors have set aside and earmarked $149,900, the full amount the SBA may claim is owed by the Debtors, pending entry of an interim order on this Motion.

31. As a result, none of the parties that have an interest in Debtors' Cash Collateral will be harmed by the continued operation of the Debtors' business pending the hearing on this Motion.

### V. ESTABLISHING NOTICE PROCEDURES AND SCHEDULING FINAL HEARING

32. Notice of this Cash Collateral Motion will be given to (a) the Office of the United States Trustee for the Western District of Michigan, (b) identified secured creditors, and (c) the Debtors' twenty (20) largest unsecured creditors. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

33. The Debtors further respectfully requests that the Court schedule the Final Hearing and authorize them to serve copies of the signed interim order, which fixes the time, date and manner for the filing of objections, to (i) the Office of the United States Trustee for the Western District of Michigan; (ii) counsel for official committee(s), if any; (iii) identified secured creditors; (iv) the Debtors' twenty (20) largest unsecured creditors; and (v) any party that

---

[3] The Debtors have filed or will file an *Application to Employ Schafer and Weiner, PLLC as Counsel for the Debtors.*

has filed, prior to entry of the proposed interim order, a request for notices with this Court. The Debtors request that the Court consider such notice of the Final Hearing to be sufficient notice under Bankruptcy Rule 4001.

34. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

35. For the foregoing reasons, the Debtors respectfully request that the Court grant this Cash Collateral Motion.

**WHEREFORE,** the Debtors respectfully request that this Court enter an order substantially in the form attached as **Exhibit A**, and provide the Debtors with such other and further relief as is just and proper.

Respectfully submitted

SCHAFER AND WEINER, PLLC

By: /s/ Joseph K. Grekin
JOSEPH K. GREKIN (P52165)
HOWARD BORIN (P51959)
JOHN J. STOCKDALE, JR. (P71561)
Proposed Attorneys for Debtors
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
jgrekin@schaferandweiner.com

Dated: October 29, 2020

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In the matter of:

AUTHENTIKI, LLC,

        Debtor
_____/

Case No. 20-03322
Chapter 11 (Subchapter V)
Honorable James W. Boyd

In the matter of:

MSSH, LLC,

        Debtor
_____/

Case No. 20-03323
Chapter 11 (Subchapter V)
Honorable James W. Boyd

**ORDER GRANTING DEBTORS' FIRST DAY MOTION
FOR ENTRY OF INTERIM AND FINAL ORDER AUTHORIZING
DEBTORS TO (A) USE CASH COLLATERAL AND; (B) GRANT
ADEQUATE PROTECTION UNDER 11 U.S.C. §§ 361, 363,
AND 364; FED. R. BANKR. P. 4001; AND W.D. MICH. LBR 4001-2**

Upon consideration of the Debtors' *First Day Motion for Entry of Interim and Final Order Authoring the Debtor to Use Cash Collateral and Granting Adequate Protection under 11 U.S.C. §§ 361, 363, and 364; Fed. R. Bankr.P. 4001; and W.D. Mich. LBR 4001-2* (the "Motion");[1] and upon consideration of the Sellers Declaration; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and this matter being a core proceeding within the meaning of section 157 of title 28 of the United States Code; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their creditors, and all parties-in-interest; and the Court having heard the sufficient evidence and statements of counsel regarding the Motion and

---

[1] Terms not defined herein have the meanings ascribed in the Motion.

{00874339.1}

1

having determined that the legal and factual bases set forth in the Motion and attested to in the Sellers Declaration establish just cause for the relief granted herein, therefore;

**THE COURT HEREBY FINDS:**

A.   On October 29, 2020, (the "Petition Date"), the Debtors filed their voluntary petitions for relief under subchapter V of chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued in possession of their assets and have continued to operate their business as debtors-in-possession pursuant to sections 1107(A) and 1108 of the Bankruptcy Code and no Official Committee of Unsecured Creditors has been formed.

B.   The Debtors requires the use of the Cash Collateral for the maintenance and preservation of their assets, and for the operation of their business and the payment of business expenses in the ordinary course.

C.   The relief provided herein is necessary, essential and appropriate for the continued operation of the Debtors' business and the management and preservation of their assets, and is otherwise necessary to avoid immediate and irreparable harm to the Debtors and their estate pending a final hearing on the Motion.

D.   The Debtors provided notice of the initial hearing on the Motion by serving notice in accordance with Fed. R. Bankr. P. 4001(b)(1)(C). The notice provided is appropriate, adequate and proper under the circumstances of this case in accordance with Fed. R. Bankr. P. 4001(b) and Local Rule 4001-2 (W.D. Mich.).

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1.  The Motion is **GRANTED**.

2.  All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

3.  The Debtors are authorized, as of the Petition Date, to use Cash Collateral and grant adequate protection in accordance with the Budget and terms of the Motion, and such authority continues until further order of the Court.

4.  The amount of Cash Collateral necessary for the Debtors to use to avoid immediate and irreparable harm before the date of the final hearing or the date this Order becomes a final order, in the absence of a timely objection and final hearing, is $230,110.00 (assuming twenty eight days of Cash Collateral usage per the Budget) and the Debtors' authorized use of Cash Collateral is limited to that amount prior to the entry of a final order authorizing the Debtors to use Cash Collateral or the time this Order becomes a final order, as the case may be, unless ordered otherwise. Pending entry of a final order, the Debtors may use Cash Collateral in accordance with the line item amounts set forth above in accordance with the Budget, with a ten percent (10%) variance in line item.

5.  Within seven (7) days of the expiration of the Budget, Debtors shall file a replacement Budget with the Court, which shall become the Budget.

6.  As adequate protection under section 363 and 361 of the Bankruptcy Code for any security interest that the SBA, the Landlord, and any other secured creditors that may assert in the Cash Collateral of the Debtors, to the extent that the Debtors use such Cash Collateral and do not replace it, are hereby granted replacement liens in all types and descriptions of collateral that were secured by the applicable pre-petition loan documents, which are created, acquired, or arise after the Petition Date.

{00874339.1}

3

7. The Debtors preserve all their rights to contest the claim(s) of the SBA, the Landlord, Wolverine, and/or any other creditor asserting a secured interest in Debtors' assets.

8. The Debtors shall, within twenty-four (24) hours following the entry of this Order, serve copies of this Order and the Debtors' motion for entry of this Order with all attachments on the 20 largest unsecured creditors, all secured creditors, any committee formed in these Cases, the United States Trustee's Office, and all other parties who are required to be served under Fed. R. Bankr. P. 4001(d).

9. All parties seeking to object to this Order must file a written objection within fourteen (14) days after the entry of this Order, except that an official committee may file objections within fourteen (14) days after the official committee is served with the entered Order. If an objection is timely filed, the final hearing on this Order will be held before the Honorable James W. Boyd, United States Bankruptcy Judge, in the courtroom located at 1 Division Ave. N., Room 200, Grand Rapids, MI 49503, on November \_\_\_\_ 2020 at _____ \_\_\_\_\_m. If no timely objection is filed, then this Order will become a final order without a further hearing, and the Debtors will be authorized to spend for those expenses referenced in the Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.

10. The Debtors' authority to use Cash Collateral shall continue until otherwise ordered by this Court.

11. The Debtors are authorized to escrow Professional Fees, as more fully set forth in the Motion. The first escrow payment shall take place no later than November 28, 2020 and on the 28th day of each month thereafter.

**END OF ORDER**

*Order prepared and submitted by:*

SCHAFER AND WEINER, PLLC
Proposed counsel for Debtors
John J. Stockdale, Jr. (P71561)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
Phone: (248) 540-3340
Fax: (248) 971-1531
Jstockdale@schaferandweiner.com

{00874339.1}

5

# EXHIBIT B

**MSSH**
**Weekly Cash Flow Projection**
**For Year 1**

| | | starting 10/29/2020 | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash Receipts (Revenue)** | | Wk 1 | Wk 2 | Wk 3 | Wk 4 | Wk 5 | Wk 6 | Wk 7 | Wk 8 | Wk 9 | Wk 10 | Wk 11 | Wk 12 | Wk 13 |
| 50.0% | Food | 30,000 | 30,147 | 30,294 | 30,441 | 30,588 | 30,735 | 30,882 | 31,029 | 31,176 | 31,324 | 31,471 | 31,618 | 31,765 |
| 43.0% | Liquor | 25,800 | 25,926 | 26,053 | 26,179 | 26,306 | 26,432 | 26,559 | 26,685 | 26,812 | 26,938 | 27,065 | 27,191 | 27,318 |
| 1.5% | Draft Beer | 900 | 904 | 909 | 913 | 918 | 922 | 926 | 931 | 935 | 940 | 944 | 949 | 953 |
| 0.0% | Bottle Beer | - | - | - | - | - | - | - | - | - | - | - | - | - |
| 1.0% | Wine | 600 | 603 | 606 | 609 | 612 | 615 | 618 | 621 | 624 | 626 | 629 | 632 | 635 |
| 4.5% | Retail | 2,700 | 2,713 | 2,726 | 2,740 | 2,753 | 2,766 | 2,779 | 2,793 | 2,806 | 2,819 | 2,832 | 2,846 | 2,859 |
| 100.0% | GROSS Receipts | 60,000 | 60,294 | 60,588 | 60,882 | 61,176 | 61,471 | 61,765 | 62,059 | 62,353 | 62,647 | 62,941 | 63,235 | 63,529 |
| **Employee Perks (SR&A)** | | | | | | | | | | | | | | |
| | Discounts (servers/managers) | 600 | 603 | 606 | 609 | 612 | 615 | 618 | 621 | 624 | 626 | 629 | 632 | 635 |
| | Employee/Manager Meals | 600 | 603 | 606 | 609 | 612 | 615 | 618 | 621 | 624 | 626 | 629 | 632 | 635 |
| | Employee Training | 150 | 151 | 151 | 152 | 153 | 154 | 154 | 155 | 156 | 157 | 157 | 158 | 159 |
| | Total Perks (SR&A) | 1,350 | 1,357 | 1,363 | 1,370 | 1,376 | 1,383 | 1,390 | 1,396 | 1,403 | 1,410 | 1,416 | 1,423 | 1,429 |
| | **NET CASH RECEIPTS** | 58,650 | 58,938 | 59,225 | 59,513 | 59,800 | 60,088 | 60,375 | 60,663 | 60,950 | 61,238 | 61,525 | 61,813 | 62,100 |
| **Purchases Goods Sold (COGS)** | | | | | | | | | | | | | | |
| | Food | 8,700 | 8,743 | 8,785 | 8,828 | 8,871 | 8,913 | 8,956 | 8,999 | 9,041 | 9,084 | 9,126 | 9,169 | 9,212 |
| | Liquor | 6,450 | 6,482 | 6,513 | 6,545 | 6,576 | 6,608 | 6,640 | 6,671 | 6,703 | 6,735 | 6,766 | 6,798 | 6,829 |
| | Draft Beer | 225 | 226 | 227 | 228 | 229 | 231 | 232 | 233 | 234 | 235 | 236 | 237 | 238 |
| | Bottle Beer | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | Wine | 150 | 151 | 151 | 152 | 153 | 154 | 154 | 155 | 156 | 157 | 157 | 158 | 159 |
| | Retail | 945 | 950 | 954 | 959 | 964 | 968 | 973 | 977 | 982 | 987 | 991 | 996 | 1,001 |
| | **TOTAL** | 16,470 | 16,551 | 16,631 | 16,712 | 16,793 | 16,874 | 16,954 | 17,035 | 17,116 | 17,197 | 17,277 | 17,358 | 17,439 |
| **GROSS PROFIT** | | 42,180 | 42,387 | 42,594 | 42,800 | 43,007 | 43,214 | 43,421 | 43,627 | 43,834 | 44,041 | 44,248 | 44,454 | 44,661 |

**Operating Expenses**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payroll & Benefits-Hourly Staff | 23,462 | | 23,462 | | 23,462 | | 23,462 | | 23,462 | | 23,462 | | 23,462 |
| Payroll & Benefits-Management | 10,250 | | 10,250 | | 10,250 | | 10,250 | | 10,250 | | 10,250 | | 10,250 |
| ADT | | 542 | | | | 542 | | | | 542 | | | | |
| Equipment Rental | 163 | 163 | 163 | 163 | 163 | 163 | 163 | 163 | 163 | 163 | 163 | 163 | 163 |
| Ice Machine | 87 | 87 | 87 | 87 | 87 | 87 | 87 | 87 | 87 | 87 | 87 | 87 | 87 |
| Linen/Rags | 692 | 692 | 692 | 692 | 692 | 692 | 692 | 692 | 692 | 692 | 692 | 692 | 692 |
| Repairs & Maintenance (R&M) | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 |
| Outside Cleaning Services | 865 | 865 | 865 | 865 | 865 | 865 | 865 | 865 | 865 | 865 | 865 | 865 | 865 |
| Payroll Service | 162 | | 162 | | 162 | | 162 | | 162 | | 162 | | 162 |
| Pest Control | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 |
| Refrigeration & Oven Preventative | 288 | 288 | 288 | 288 | 288 | 288 | 288 | 288 | 288 | 288 | 288 | 288 | 288 |
| R&M Supplies | 87 | 87 | 87 | 87 | 87 | 87 | 87 | 87 | 87 | 87 | 87 | 87 | 87 |
| Waste | 231 | 231 | 231 | 231 | 231 | 231 | 231 | 231 | 231 | 231 | 231 | 231 | 231 |
| Office Supplies | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 |
| Paper Goods | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 |
| Postage | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 |
| Printing | 231 | 231 | 231 | 231 | 231 | 231 | 231 | 231 | 231 | 231 | 231 | 231 | 231 |
| Computer & Internet | | | 292 | | | | 292 | | | | 292 | | |
| Cash short/over | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 |
| Credit Card Fees | 1,440 | 1,447 | 1,454 | 1,461 | 1,468 | 1,475 | 1,482 | 1,489 | 1,496 | 1,504 | 1,511 | 1,518 | 1,525 |
| Dues & Subscriptions | 67 | 67 | 67 | 67 | 67 | 67 | 67 | 67 | 67 | 67 | 67 | 67 | 67 |
| Business Licenses/Permots | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 |
| Advertsing | 404 | 404 | 404 | 404 | 404 | 404 | 404 | 404 | 404 | 404 | 404 | 404 | 404 |
| Contributions | 32 | 32 | 32 | 32 | 32 | 32 | 32 | 32 | 32 | 32 | 32 | 32 | 32 |
| Employee Relations | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 |
| PR | 121 | 121 | 121 | 121 | 121 | 121 | 121 | 121 | 121 | 121 | 121 | 121 | 121 |
| Smallwares | 202 | 202 | 202 | 202 | 202 | 202 | 202 | 202 | 202 | 202 | 202 | 202 | 202 |
| Restaurant Supplies | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 |
| Kitchen Supplies | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 | 101 |
| Glassware/China/Flatware | 404 | 404 | 404 | 404 | 404 | 404 | 404 | 404 | 404 | 404 | 404 | 404 | 404 |
| Phone | | | | 300 | | | | 300 | | | | 300 | |
| Electric | | | | 3,750 | | | | 3,750 | | | | 3,750 | |
| Gas | | | | 1,417 | | | | 1,417 | | | | 1,417 | |
| Water/Sewer | | | | 375 | | | | 375 | | | | 375 | |
| **Total Cash Paid :Operating Expenses** | 40,970 | 7,645 | 41,276 | 12,960 | 40,998 | 7,674 | 41,304 | 12,988 | 41,026 | 7,702 | 41,332 | 13,016 | 41,054 |

**Other P&L Cash Disbursements**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Legal | | | | 10,000 | | | | 10,000 | | | | 10,000 | |
| Corporate Salaries | | 8,462 | | 8,462 | | 8,462 | | 8,462 | | 8,462 | | 8,462 | |
| Insurance (Liq/Gen) | | | | 8,333 | | | | 8,333 | | | | 8,333 | |
| Property Taxes, Insurance | | | | 3,750 | | | | 3,750 | | | | 3,750 | |
| Rent Payments | | | | 17,721 | | | | 17,721 | | | | 17,721 | |
| Financial Advisory fees | | | | - | | | | - | | | | 15,000 | |
| Emergency R&M Fund | | | | 4,167 | | | | 4,167 | | | | 4,167 | |
| | - | 8,462 | - | 52,433 | - | 8,462 | - | 52,433 | - | 8,462 | - | 67,433 | - |

| Balance Sheet Cash Activity | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Capital lease Principal Payments | - | - | - | 7,000 | - | - | - | 7,000 | - | - | - | 7,000 | - |
| Critical Vendor Payment | | | | | | | | | | | | | |
| Capital Asset Purchases | - | - | - | - | - | - | - | - | - | - | - | - | - |
|  | - | - | - | 7,000 | - | - | - | 7,000 | - | - | - | 7,000 | - |
| **NET CASH FLOW** | 1,210 | 26,280 | 1,318 | (29,592) | 2,009 | 27,079 | 2,117 | (28,793) | 2,808 | 27,877 | 2,916 | (42,994) | 3,607 |
| **BEGINNING CASH BALANCE** | 288,299 | 289,509 | 315,789 | 317,107 | 287,515 | 289,524 | 316,603 | 318,720 | 289,927 | 292,735 | 320,612 | 323,528 | 280,534 |
| **ENDING CASH BALANCE** | 289,509 | 315,789 | 317,107 | 287,515 | 289,524 | 316,603 | 318,720 | 289,927 | 292,735 | 320,612 | 323,528 | 280,534 | 284,141 |