# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN

In Re:

AUTHENTIKI, LLC, et al.[1]

        Debtors.

_____/

Case No. 20-03322
Chapter 11 (Subchapter V)
Jointly Administered

Honorable James W. Boyd

### ORDER GRANTING DEBTORS' FIRST DAY MOTION FOR AN ORDER (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES TO DEBTORS PENDING RESOLUTION OF ANY DISPUTED, ADEQUATE ASSURANCE REQUESTS; AND (II) ESTABLISHING PROCEDURES FOR ADEQUATE ASSURANCE OF PAYMENT

**THIS MATTER** having come before the Court upon Debtors' *First Day Motion for an Order (I) Prohibiting Utility Companies from Terminating Services to the Debtors, and (II) Establishing Procedures for Resolving Disputes Relating to Adequate Assurance Requests* (the "Motion").[2] The court having held a hearing on the Motion; the Court having reviewed the Motion and Sellers Declaration, considered the statements of counsel, and being fully advised in the premises:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** subject to terms set forth herein.

2. The requested relief in the Motion is necessary and essential for Debtors' reorganization and is in the best interest of Debtors, their estates, and their creditors.

3. Subject to the procedures described below, no Utility Company may:

---

[1] The Debtors are Authentiki, LLC, Case No. 20-03322 and MSSH, LLC, Case No. 20-03323.

[2] All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

{00874304.3}      1

      a.      Alter, refuse, terminate, or discontinue utility services to, or discriminate against, Debtors on the basis that Debtors filed these Chapter 11 bankruptcy proceedings or on account of any outstanding pre-petition invoices; or

      b.      Require additional assurance of payment, beyond the Proposed Adequate Assurance or such other adequate assurance determined under section 366 of the Bankruptcy Code and pursuant to these Determination Procedures, as a condition of Debtors receiving such utility services.

4.      Debtors are authorized to pay on a timely basis, accordance with their prepetition practices, all undisputed invoices with respect to post-petition utility services rendered by Utility Companies to the Debtors.

5.      The Proposed Adequate Assurance constitutes sufficient adequate assurance of future payment to Utility Companies under 11 U.S.C. § 366.

6.      The following procedures are approved in all respects.

      A.      Within five (5) days after the entry of this Order, the Debtors will serve a copy of this Order upon the Utility Companies listed on the Utility Service List.

      B.      A Utility Company that seeks to demand adequate assurance of payment from the Debtors must make a written request for such assurance of payment (the "_Request_") and serve such Request so that, within thirty (30) days after service of the Order, the Request is received by counsel for the Debtors:

> Joseph K. Grekin, Esq.
> Schafer and Weiner, PLLC
> 40950 Woodward Ave., 100
> Bloomfield Hills, MI 49304

Any such Request by a Utility Company must specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company and must set forth (i) the type of utility services that are provided and the associated account number, (ii) the location for which the relevant utility services are provided, (iii) a list of any deposits or other security currently held by such Utility Company immediately prior to the Petition Date on account of the Debtors, (iv) a description of any payment delinquency or irregularity by the Debtors for the post-petition period, and (v) the average amount owed by the Debtors for the prior six months.

      C.      Without further order of the Court, the Debtors may enter into agreements granting to the Utility Companies that have submitted Requests any assurance of payment that the Debtors, in their sole discretion, determine is reasonable, including (a) a form of

assurance of payment enumerated in section 366(c)(1)(A)(i)-(iv) of the Bankruptcy Code, as determined by the Debtors in their sole discretion, and/or (b) security deposits in an amount equal to the lesser of (i) one month's average utility usage or (ii) the amount of deposit provided to such Utility Company prior to the Petition Date.

   D. If a Utility Company timely submits a Request for assurance of payment that the Debtors believe is unreasonable and if, after good faith negotiations by the parties, the parties are not able to resolve the issue within twenty (20) days after the date of receipt of the Request, the Debtors will (i) file a motion with the Court seeking to modify the Request to an amount or form that the Debtors believe is adequate with respect to the requesting Utility Company and asking the Court to resolve the issue (a "Determination Motion"), and (ii) request the Court schedule a hearing on the Determination Motion that is at least twenty-one (21) days after the date that the Determination Motion was filed (a "Determination Hearing").

   E. Any Utility Company that does not timely request assurance of payment through a Request pursuant to these Determination Procedures automatically will be deemed to have received assurance of payment that is satisfactory to the Utility Company under section 366(c)(2) of the Bankruptcy Code without further action by the Debtors and without prejudice to the right of such Utility Company to seek relief in the future pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

   F. Any assurance of payment provided by the Debtors to a Utility Company in accordance with this Order or the Determination Procedures will, to the extent not used by the Utility Company to satisfy a post-petition default, be returned to the Debtors within thirty (30) days after the effective date of (i) any plan(s) of reorganization in these Chapter 11 cases without further order of the Court, (ii) a sale of substantially all of the Debtors' assets pursuant to Section 363 of the Bankruptcy Code or (iii) a conversion of these Chapter 11 cases to Chapter 7.

7. Should Debtors' list of Utility Companies be insufficient in that it fails to identify every Utility Company, Debtors shall provide notice and a copy of this Order to that Additional Utility Company, which shall be given thirty (30) days from the service of the Utility Order to request assurance of payment pursuant to the Determination Procedures set forth herein.

8. Notwithstanding anything to the contrary herein, any payment made pursuant to this Order shall be subject to any requirements imposed on the Debtors under any order entered by the Court with respect to the use of cash collateral or post-petition financing.

9. The relief granted in this Order applies to and is binding upon all Utility Companies providing utility services to any of the Debtors and is not limited to those on the Utility Service List.

10. Nothing in the Motion or this Order constitute an admission that an entity listed on the Utility Service List or upon which the Motion and Order is served is a "utility" within the meaning of section 366 of the Bankruptcy Code.

11. Nothing in this Order, nor as a result of any payment or deposit made pursuant to this Order, (a) is intended or may be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against any Debtor or its estate, (b) impairs, prejudices, waives, or otherwise affects the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against any Debtor and their estate, or (c) will be construed as a promise to pay.

12. Notwithstanding any provision in Fed. R. Bankr. P. 6003 or 6004 to the contrary, (a) this Order will be effective immediately and enforceable upon its entry; (b) Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) Debtors are authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Order.

[*Remainder of this Page Intentionally Left Blank*]

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

## END OF ORDER

*Order prepared and submitted by:*

SCHAFER AND WEINER, PLLC
Proposed counsel for Debtors
John J. Stockdale, Jr. (P71561)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
Phone: (248) 540-3340
Fax: (248) 971-1531
Jstockdale@schaferandweiner.com

**IT IS SO ORDERED.**

{00874304.3}
**Dated November 9, 2020**



James W. Boyd
United States Bankruptcy Judge