UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In Re:                                                     Case No. 20-03322

                                                            Chapter 11 (Subchapter V)
AUTHENTIKI, LLC, et al.[1]                  Jointly Administered

           Debtors.                             Honorable James W. Boyd
_____/

**ORDER CONFIRMING DEBTORS'
SUBCHAPTER V PLAN OF REORGANIZATION**

      This matter having come before the Court on confirmation of the Debtors' *Subchapter V Plan of Reorganization* [DN 82] (the "Plan"), the *Modification to Debtor's Subchapter V Plan of Reorganization* [DN 106] (the "Plan Modification"), and the *Plan Supplement* [DN 107] (the "Plan Supplement" and together with the Plan and Plan Modification, the "Modified Plan"). Debtors seek entry of this Confirmation Order confirming Debtors' Modified Plan; due and appropriate notice under the circumstances having been given; all Creditors and interested parties having had an opportunity to be heard; no Creditors or interested parties having filed any objection to confirmation of the Plan and Modified Plan; the Court having held a hearing on confirmation of the Plan and Modified Plan on April 1, 2021; the Court having considered the Modified Plan and the record in the Subchapter V Cases to date; due

---

[1] The Debtors are Authentiki, LLC, Case No. 20-03322 and MSSH, LLC, Case No. 20-03323.

{00896415.3}                                                     1

and sufficient factual and legal cause appearing therefore; and the Court otherwise being fully advised in the premises;

**THE COURT FINDS THAT**:

A. The Court has jurisdiction over the Subchapter V Cases pursuant to 28 U.S.C. §§157 and 1334.

B. Venue before this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

C. The confirmation of the Plan is a core proceeding under 28 U.S.C. §157(b)(2).

D. Except as otherwise provided in this Confirmation Order, all capitalized terms not defined herein have the meanings ascribed to them in the Plan or Plan Modification, as applicable.

E. The Debtors filed their voluntary petitions commencing the Subchapter V Cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on September 27, 2020 (the "Petition Date").

F. The Subchapter V Cases have been jointly administered. *See* DN 26.

G. The Debtors filed their Plan with this Court on January 28, 2021. *See* DN 82.

H. On February 12, 2021, the Court entered its *Order Scheduling Confirmation Hearing and Establishing Related Deadlines* [DN 88] (the "Scheduling

Order"), whereby the Court established certain deadlines related to the Plan and Creditor voting.

  I. Under the Plan and Modified Plan, the Debtors are not liquidating and are continuing in business after consummation of the Modified Plan.

  J. Debtors timely transmitted Ballots to the Holders of Impaired Claims and Interests in accordance with the Scheduling Order and Bankruptcy Rule 3018 and served copies of the Plan and the Scheduling Order on all required parties. *See* DN 100.

  K. On March 12, 2021, the Debtors filed their Plan Supplement and Plan Modification and served copies of those documents on all required parties. *See* DN 106, 107, and 109.

  L. No party-in-interest filed an objection to the Plan or Modified Plan on or before the March 25, 2021 deadline set by the Scheduling Order (the "Voting-Objection Deadline"). *See*, *generally*, docket. *See also* DN 88, § 3.

  M. Prior to the Voting-Objection Deadline, the Debtors received informal objections to the Plan from (i) JP Morgan Chase Bank, N.A. ("Chase"), (ii) Gordon Food Service, Inc. ("GFS"), (iii) the Office of the United States Trustee, (iv) the Small Business Administration, (v) the Internal Revenue Service, and (vi) Levitation Holdings, LLC.

N. Each of the informal objections have been resolved by modifications to the Plan contained in the Plan Modification or this Confirmation Order.

O. On March 29, 2020, the Debtors filed their *Final Report on Tabulation of Votes Cast by the Debtor's Creditors on the Debtor's Plan of Reorganization* [DN 129] (the "Voting Report").

P. Pursuant to the Voting Report, all of the Classes of Claims that submitted ballots voted to accept the Plan. Class IX submitted a ballot accepting the Plan subject to the modifications contained herein.

Q. On March 29, 2021, the Debtors filed their *Brief in Support of Confirmation of Debtor's Modified Plan* [DN 131] in accordance with the Scheduling Order. *See* DN 88, §9.

R. On April 1, 2021, the Court held a hearing to consider confirmation of the Modified Plan.

S. At the Confirmation Hearing, all parties with objections had an opportunity to be heard and the Court determined that no further briefing was necessary.

T. The Court has reviewed the Modified Plan and finds that the Modified Plan satisfies and complies with each of the elements necessary for confirmation on a consensual basis under set forth in section 1191(a) and 1129(a) of the Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Modified Plan, including all of its terms, provisions, and exhibits which are incorporated herein by reference, is confirmed under section 1191(a) of the Bankruptcy Code, subject to the modifications set forth below. Where inconsistent, this Confirmation Order supersedes the Modified Plan.

2. All objections to confirmation of the Plan or Modified Plan, which have not been withdrawn or resolved, are expressly overruled.

3. The modifications contained in this Confirmation Order and the Plan Modification constitute modifications allowed pursuant to 11 U.S.C. §1193(a) as the Modified Plan meets the requirements of 11 U.S.C. §§1122 and 1123 (with the allowed exception of subsection (a)(8) of 1123). Furthermore, the Modified Plan does not adversely change the treatment of any Claim or Interest under the Plan. As a result, under Bankruptcy Rule 3019, the Modified Plan shall be deemed accepted by all Creditors and Interest Holders who have previously accepted the Plan, and it is not necessary for the Plan to be re-noticed to Creditors.

4. Chase's informal objection to the Modified Plan is resolved as follows:

   A. Section 4.9.1 of the Plan is deleted and replaced with the following: "In full and final satisfaction of Chase's Class IX Claim and to the extent that such Claim is not forgiven pursuant to the PPP, Chase shall have an Allowed Class IV Claim in the unforgiven amount. All of Debtors' rights regarding forgiveness of the PPP including, without limitation, any challenge to any amount unforgiven, are preserved and must be addressed outside of the Bankruptcy Court."

  B. The last sentence of section 7.1 is deleted from the Plan and is of no further force or effect.

5. GFS's informal objection to the Plan is resolved on the following terms and conditions:

  A. GFS shall have an Allowed Administrative Claim of GFS in the amount of $6,967.47, which shall be paid consistent with the Modified Plan. GFS's *Application for Administrative Expenses* [DN 58] is fully settled and resolved by this provision.

  B. Any Claim of GFS arising under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, is Disallowed. GFS's *Motion for Adequate Protection re: PACA Claim* [DN 59] is hereby withdrawn.

  C. The Debtors will assume the payment and supply agreement between GFS and the Debtors, such that the payment and supply terms are as follows:

   i. The Debtors or Reorganized Debtor shall pay $11,000.00 to GFS within 90 days after the Effective Date of the Modified Plan;

   ii. The Debtors or Reorganized Debtor shall pay $7,000.00 to GFS within 150 days after the Effective Date of the Modified Plan; and

   iii. GFS shall have an Allowed Class V Claim in the amount of $59,496.03 which shall be in addition to the amounts set forth in paragraphs 5.A. and 5.C.i. and ii. above.

   iv. GFS will continue to supply the Debtors or Reorganized Debtor under COD terms until all plan payments have been made. Once all agreed payments have been made in full, GFS will consider, in its sole discretion and without any obligation, credit terms upon request by the Reorganized Debtor.

6. The services of the Subchapter V Trustee are hereby terminated under 11 U.S.C. §1183(c)(1) as of the Effective Date.

7. Pursuant to section 5.1 of the Plan and as of the Effective Date, (a) the Debtors are substantively consolidated, and (b) MSSH is deemed to have merged with and into Authentiki.  This Confirmation Order shall be accepted by any state, local, or Federal regulatory and/or licensing unit as evidence of the merger of MSSH with and into Authentiki under applicable law, rule, and regulation.

8. No just reason exists for delay in the implementation of this Confirmation Order.  The Court hereby directs entry of the judgment set forth herein.  This Confirmation Order is a final and appealable order pursuant to Bankruptcy Rule 7054(a) and 9014 and Federal Rule of Civil Procedure 54(b).

9. This Court reserves and retains jurisdiction to enforce the terms of the Confirmation Order or rule upon any disputes arising from this Confirmation Order.

**END OF ORDER**

*Order prepared and submitted by:*

SCHAFER AND WEINER, PLLC
Counsel for Debtors
John J. Stockdale, Jr. (P71561)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
Phone: (248) 540-3340
Fax: (248) 971-1531
Jstockdale@schaferandweiner.com

**IT IS SO ORDERED.**

Dated April 2, 2021



James W. Boyd
United States Bankruptcy Judge